## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TAYLOR BIRO,**                                    **CASE NO.**

    **Plaintiff,**

**v.**

**CITY OF TALLAHASSEE,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, TAYLOR BIRO, hereby sues Defendant CITY OF TALLAHASSEE, individually, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution and laws of the United States, under 42 U.S.C. §1988, which authorizes the award of costs and attorney's fees to prevailing plaintiffs in actions brought under 42 U.S.C. §1983.

2.    This action involves claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, Taylor Biro, has been a resident of the State of Florida.  She is *sui juris.*

4.     At all times pertinent hereto, Defendant, City of Tallahassee, was organized and existing under the laws of Florida and is an incorporated city in the state of Florida and subject to the jurisdiction of this Court.

## CONDITIONS PRECEDENT

5.     Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff is known in the Tallahassee/Leon County community as an advocate for police reform. In her service to the community, she has created training curriculum for various law enforcement agencies and continues to be a source of advice and guidance to the law enforcement community.

7.     As a result of her reputation and work with police reform, Plaintiff was recommended to a non-partisan role on the Tallahassee Citizen Police Review Board (Review Board) and voted in at-large by the Defendant on or about September 9, 2020.

8.     The purpose of the Citizen Police Review Board is to foster transparency, enhance communication and ensure a relationship between the

Tallahassee Police Department and the community. The Defendant, through its appointing officials, seek specifically to appoint citizens holding unique viewpoints on the action and functions of policing. Accordingly, Plaintiff was appointed to the nonpartisan position on the Review Board.

9.      During the two years of Plaintiff serving on the Review Board, she has always brought a cup with a sticker that says "abolish police."

10.     During a meeting by the Defendant's City Commission on November 9, 2022, following the presentation of the Review Board's annual report, Commissioner Diane Williams-Cox stated that she had been advised that Plaintiff, as a member of the Review Board, brought a cup that said "F the Police," which was not accurate.  Williams-Cox went on to state that this sticker on Plaintiff's cup demonstrates that Plaintiff was biased and should be removed from the Review Board, notwithstanding the fact that she has served without incident or complaint for more than two years.

11.      As result of Defendant's actions, Plaintiff was targeted by a slew of Blue Lives Matter Advocates and was harassed in the local news. On November 16, 2022, the Florida Benevolent Police Association, which contributed to the campaigns of both Williams-Cox and Commissioner John Daily, called for the removal of Plaintiff from the Review Board.

12.     Despite the unwavering support for Plaintiff and the City of Tallahassee Review Board's recommendation not to terminate Plaintiff in her non-partisan position, Commissioners Diane Williams-Cox, John Dailey, and Curtis Richardson voted to terminate Plaintiff from her position on the Review Board on December 7, 2022.

13.     The actions against Plaintiff were clearly taken against her based on her speech, i.e., the sticker on her cup and have caused her immeasurable damages.

14.     Plaintiff has retained the undersigned to represent her interests in this case and is obligated to pay her a reasonable fee for her services.  Defendant should pay all fees and costs associated with this case.

## COUNT I
## FIRST AMENDMENT RETALIATION

15.     Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16.     This count sets forth a claim against the Defendant City of Tallahassee for First Amendment retaliation and is brought through 42 U.S.C. § 1983.  Defendant is a person under the laws applicable to this action.

17.     Defendant took actions in violation of Plaintiff's rights under the First Amendment to the United States Constitution.   The City Commission was the final policymaker for the Defendant City and made the decision to remove Plaintiff from the Review Board.

4

18.     Plaintiff's rights to freedom of expression, association, participation, and belief were violated.

19.     Plaintiff has the right to engage in First Amendment activities including placing a sticker on her cup without the fear of reprisal.

20.     Plaintiff engaged in constitutionally protected right by placing a sticker on her cup that said "abolish police."

21.     After engaging in this protected activity, Plaintiff was the victim of retaliatory actions as set forth in part above, including without limitation the denial of her constitutional right to critique law enforcement and place a sticker on her cup.

22.     Defendant infringed on Plaintiff's constitutionally protected interests under the First Amendment by taking adverse actions against her in retaliation for her protected activity.

23.     Defendant's actions against Plaintiff constituted the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising her First Amendment rights.

24.     Plaintiff's protected activity was substantial or motivating factor in the adverse actions taken against her.

25.     The conduct engaged in by Defendant was in callous and willful disregard of Plaintiff's constitutional rights.

26.    At all times pertinent hereto, Defendant acted under color of state law when it took the actions against Plaintiff that violated her constitutional rights.

27.    As a direct and proximate cause of Defendant's conduct set forth in part above, Plaintiff has been damaged, including but not limited to emotional pain and suffering, lost wages, other tangible and intangible damages, and any other compensatory damages allowed by law as well as injunctive relief. Plaintiff is entitled to other equitable actions attendant thereto including without limitation attorney's fees and costs under 42 U.S.C. § 1988.  She has been publicly defamed and false claims or insinuations have been made and supported that Plaintiff is biased against the police, which she is not.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and

6

economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)  award Plaintiff interest where appropriate; and,

(g)  grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 13th day of December, 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
ATTORNEYS FOR PLAINTIFF